## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ALPHONSO MOBLEY, JR.,**

      **Petitioner,**

    **v.**

**WARDEN, NORTHEAST**
**OHIO CORRECTIONAL CENTER,**

    **Respondent.**

**CASE NO. 2:20-CV-4510**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Chelsey M. Vascura**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the Petition, as amended (ECF Nos. 1, 10), Respondent's Return of Writ (ECF No. 12), Petitioner's Reply (ECF No. 14), and the exhibits of the parties.  For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED.**

Petitioner's Motion to Expand the Record (ECF No. 13) and Motion to Compel Respondent to Comply (ECF No. 17) are **DENIED.**

Petitioner's Motion for Leave to Supplement the Traverse (ECF No. 16) and Motion for Leave to Supplement the Traverse and Motion to Expand the Record with the additional portions of the state record attached (ECF No. 19) are **GRANTED.**

### I.  BACKGROUND

Petitioner challenges his May 1, 2017 convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on aggravated arson with a firearm specification and criminal use of an explosive device.  The trial court sentenced Petitioner pursuant to the joint

recommendation of the parties to fourteen years' incarceration to be followed by five years of mandatory post-release control. (*Judgment Entry*, ECF No. 11, PAGEID # 200-203.) Petitioner did not file a timely appeal. More than one year later, on July 6, 2018, he filed a motion for a delayed appeal. (PAGEID # 206.) On October 25, 2018, the appellate court denied the motion for a delayed appeal. (PAGEID # 229.)

> Meanwhile, on October 25, 2017, Petitioner filed a motion to withdraw his guilty plea.
>
> [Petitioner] averred that his plea was "involuntary and unknowingly made," the prosecutor committed misconduct by "misrepresentations in presenting an illusory promise in an agreement that recommended an illegal sentence," and his trial counsel was "ineffective in not evaluating the application of the sentence." (Appellant's Aff. at ¶ 2-4, attached to Mot. to Withdraw Guilty Plea.) The substance of appellant's argument in support of his motion to withdraw his guilty plea is that the convictions of aggravated arson and criminal use of an explosive device were allied offenses of similar import and that R.C. 2941.25 required the trial court to merge the two counts for purposes of conviction and sentence.

*State v. Mobley*, 10th Dist. No. 18AP-23, 2018 WL 4614153 (Ohio Ct. App. Sept. 25, 2018). On September 25, 2018, the state appellate court affirmed the trial court's denial of the motion to withdraw guilty plea. *Id.* Petitioner apparently did not file an appeal.

He did, however, pursue other state collateral relief. For example, on February 21, 2017, Petitioner filed a petition for post-conviction relief in the state trial court. (ECF No. 11, PAGEID # 334.) On June 20, 2018, the trial court denied that action as without merit and barred under Ohio's doctrine of *res judicata*. (PAGEID # 415-16.) Petitioner did not file an appeal. On January 9, 2019, Petitioner filed a motion for relief from judgment, which action apparently remains pending in the state trial court. (PAGEID # 459; *see Return of Writ*, ECF No. 12, PAGEID # 756.) On September 12, 2018, Petitioner filed a motion for re-sentencing. (PAGEID # 433.) On November 20, 2018, the trial court denied the motion as without merit and barred by *res judicata*. (PAGEID # 452.) On February 27, 2019, the appellate court *sua sponte* dismissed

Petitioner's subsequent appeal for failure to comply with Ohio Appellate Rule 18(C) and failure to file a timely brief. (PAGEID # 458.) On September 3, 2019, Petitioner filed a habeas corpus petition in the Ohio Supreme Court. (*See* ECF No. 1, PAGEID # 3; ECF No. 19, PAGEID # 986.) On October 16, 2019, the Ohio Supreme Court *sua sponte* dismissed that action. (ECF No. 19, PAGEID # 1012.) On December 17, 2019, the Ohio Supreme Court denied Petitioner's motion for reconsideration. (PAGEID # 1013.) On December 18, 2019, Petitioner filed a second motion to withdraw his guilty plea. (PAGEID # 474.) On June 29, 2020, the trial court denied the motion as barred under Ohio's doctrine of *res judicata*. (PAGEID # 605.) Petitioner's appeal apparently remains pending in the state appellate court. (*See Return of Writ*, ECF No. 12, PAGEID # 756.) Petitioner also filed a declaratory judgment action in the state trial court. *See Mobley v. O'Donnell*, 10th Dist. No. 19AP-440, 2020 WL 703690 (Ohio Ct. App. Feb. 11, 2020). The Ohio Court of Appeals summarized that action as follows:

> {¶ 6} On May 14, 2019, Mobley filed the instant action in the trial court. In his first through seventh claims, Mobley asked the trial court to issue a series of declaratory judgments stating that defects in the indictment and errors in sentencing resulted in breaches of his plea agreement. Mobley also requested that the trial court declare that defendants engaged in deceptive and/or unconscionable acts or practices under the Consumer Sales Practices Act, R.C. 1345.01 et seq.
>
> {¶ 7} In addition to declaratory relief, Mobley also sought an injunction and monetary damages based on the allegations contained in the first seven claims. For the injunctive relief, Mobley petitioned the trial court to "plac[e] him back in the position as before entering the [plea agreement] and pleading guilty" by "reinstituting [the] original indictment." (Compl. at ¶ 140-41.)
>
> {¶ 8} Mobley also asserted an eighth claim, which he described in his complaint as "Interfering with Civil Rights; Use of Sham Legal Process; Breach of Oath of Office." (Compl. at 39.) According to the allegations contained in this claim, defendants committed fraud and other wrongdoing during the course of Mobley's conviction and sentencing that deprived Mobley of his civil rights. Mobley sought monetary damages for this final claim.
>
> {¶ 9} Defendants moved to dismiss Mobley's complaint for failure to state a claim pursuant to Civ.R. 12(B)(6). Mobley opposed the motion. In a decision and entry

> dated June 27, 2019, the trial court granted defendants' motion and dismissed the complaint.
>
> {¶ 10} Mobley now appeals the June 27, 2019 judgment, and he assigns the following errors:
>
> [1.] Judge Phipps abused her discretion when she failed to determine if a justiciable controversy existed between the plaintiff and each defendant severally and individually in their personal and official capacity before granting motion to dismiss pursuant to Civ.R12 (B)(5) in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution
>
> [2.] Trial court abused its discretion when the court granted motion to dismiss against Cause of Action VIII., and denied Motion for Summary judgment pursuant to Civil rule 12(b) (6) finding defendants retain absolute immunity, in violation of the Due Process Clause & Equal Protection Clause of the U.S. Constitution 14th Amendment
>
> [3.] Judge Phipps abused its discretion when she granted motion to dismiss pursuant to Civil Rule 12(b)(6) upon finding Cause of Action VIII. Barred by the Statute of Limitations.
>
> \*\*\*
>
> {¶ 16} Here, Mobley argues that a justiciable controversy exists that he can litigate through a declaratory judgment action. To determine the nature of Mobley's declaratory judgment action, we must examine the substance of his arguments and the type of relief requested. *See Lingo* at ¶ 38 ("Regardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action."). At their core, Mobley's arguments are an attack on the validity on his conviction and sentence, and he seeks injunctive relief that would require the trial court to vacate the final judgment in his criminal case. Mobley's sole avenues for redress, therefore, remain the criminal appellate and postconviction review processes. Accordingly, the trial court did not err in dismissing Mobley's seven claims for declaratory judgment, and we thus overrule the first assignment of error.

*Id.* On February 11, 2020, the appellate court affirmed the trial court's dismissal of Petitioner's declaratory judgment action. On July 21, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *Mobley v. O'Donnell*, 159 Ohio St.3d 1445 (Ohio 2020). On September 15, 2020, the Ohio Supreme Court denied Petitioner's motion for reconsideration. *Mobley v. O'Donnell*, 159 Ohio St.3d 1522 (Ohio 2020).

4

On April 8, 2020, Petitioner executed this habeas corpus petition. (ECF No. 1, PAGEID # 44.) He asserts his guilty plea was not knowing, intelligent and voluntary on Counts 1 and 2 of the Indictment where the trial court expanded the elements of the offenses charged (claims one and two); that he was denied his right to appeal (claim three); that he was denied fair notice of the charges (claims four and five); and that his guilty plea was not knowing, intelligent, and voluntary because the prosecutor breached the terms of his plea agreement by recommending to destroy or forfeit Petitioner's property; based on the ineffective assistance of counsel; because Petitioner did not understand the nature of the charges; and based on the prosecutor's suppression of exculpatory evidence[1] (claims six through nine). It is the Respondent's position that Petitioner's claims are barred by the one-year statute of limitations, waived by entry of his guilty plea, and procedurally defaulted.

## II.  MOTION TO EXPAND RECORD

Petitioner has filed a Motion to Expand the Record pursuant to Rule 7 of the Rules Governing Section 2254 Cases with documents he has attached to that motion, including responses he received from certain public records requests he made and responses from his post-conviction correspondence with the Ohio Public Defender. (ECF No. 13, PAGEID # 827-840.) According to the Petitioner, these documents will support habeas corpus claims six through nine and his claim of actual innocence.

Respondent opposes Petitioner's Motion to Expand the Record. (*Response in Opposition*, ECF No. 15.) It is the Respondent's position that this Court need not review any of

---

[1] Petitioner asserts that the prosecutor failed to disclose facts indicating that only Petitioner and his co-defendant were present at the time of the offense charged and only Petitioner sustained any injuries. He complains that his attorney failed to review arson investigation reports identifying the victim as the New York Community Bank. (ECF No. 10, PAGEID # 162-173.) Petitioner refers to exhibits he has attached to the Petition and a police and fire incident report in support. (ECF No. 1, 10, PAGEID # 177.)

the additional documents referred to by the Petitioner in order to resolve this action. Respondent also argues that Petitioner's request is precluded by *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (holding that federal habeas review of a state court's decision under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits). Additionally, Respondent states that Petitioner failed to act diligently in developing the factual basis for his claims in the state courts and that 28 U.S.C. § 2254(e)(2) thus likewise bars Petitioner's request. "Section § 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas corpus relief" and, at a minimum, restricts the discretion of a federal habeas court to consider new evidence when deciding claims that were not adjudicated the merits. *Id.* at 185-86.

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts indicates that a federal habeas court may direct the parties to supplement the record with additional materials relevant to the Court's resolution of the Petition:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

The decision whether to order an expansion of the record under Rule 7 falls within the sound discretion of the District Court. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988). Such an expansion must be limited by the relevance of the proffered materials to the constitutional claims presented.

None of the documents referred to by the Petitioner will affect the resolution of his claims or will assist him in establishing he is entitled to relief.  Moreover, the primary issue now before the Court involves whether Petitioner's claims are procedurally defaulted.  Petitioner's public records requests for documents relating to the crimes charged and the responses to inquiries he made with the Ohio Public Defender do not assist in this determination.  Additionally, although *Pinholster* does not preclude expansion of the record in support of a claim of actual innocence—*see Johnson v. Warden*, *Chillicothe Corr. Inst.*, No. 2:16-cv-985, 2018 WL 9669761, at *4-5 (S.D. Ohio June 26, 2018) ("While neither the Supreme Court nor the Sixth Circuit have yet resolved the issue, lower courts that have addressed the question have unanimously held that *Pinholster's* limitation on new evidence does not apply to claims of actual innocence, especially when it is used to excuse a procedural default of another claim.") (citations omitted)—these documents likewise do not assist Petitioner in establishing his actual innocence.  "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  These documents do not satify this standard.

Petitioner's Motion to Expand the Record (ECF No. 13) therefore is **DENIED**.

### III.  MOTION TO COMPEL

Petitioner has filed a Motion to Compel requesting that Respondent be ordered to provide additional portions of the state record involving Petitioner's complaint for declaratory and injunctive relief and his state habeas corpus petition in the Ohio Supreme Court.  According to the Petitioner, these documents will show that this action is timely and establish that he has

7

properly exhausted his claims. However, Petitioner already has attached these documents to his Motion for Leave to Supplement Traverse (ECF No. 19). Therefore, the Motion to Compel (EF No. 17) is **DENIED**.

Petitioner's Motion for Leave to Supplement the Traverse and Motion to Expand the Record with the additional portions of the state record he refers to (ECF No. 19), is **GRANTED**.

## IV.  PROCEDURAL DEFAULT

**A.     Standard**

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process.

This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. As the Supreme Court found in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted."

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause

sufficient to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. *Id*.

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in Coleman: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to "'protect the integrity' of the federal exhaustion rule." *Id*., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting *id*., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by "'letting the time

10

> run'" so that state remedies were no longer available. *Id*., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].'" *Id*., at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

**B.    Application**

All of Petitioner's claims, being readily apparent from the face of the record, would properly be raised on direct appeal; however, Petitioner failed to file a timely appeal. The state appellate court denied his motion for a delayed appeal. Petitioner thereby has procedurally defaulted all of his claims for review. The Court of Appeals' decision denying the motion for a delayed appeal under Ohio Appellate Rule 5(A) constitutes an adequate and independent state procedural ground under *Maupin* to deny federal habeas corpus review. *See Teitelbaum v. Turner*, No. 2:17-cv-583, 2018 WL 2046456, at *17 (S.D. Ohio May 2, 2018) (citing *Kostenbauder v. Cook,* No. 3:12-cv-2581, 2014 WL 992022, at *7 (N.D. Ohio March 13, 2014) (citing *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011)).

11

To the extent that Petitioner attempted to present any of his claims in subsequent state collateral proceedings, he did not thereby preserve those issues for review. The Ohio Court of Appeals affirmed the trial court's denial of Petitioner's motion to withdraw his guilty plea as barred under Ohio's doctrine of *res judicata*. Petitioner never filed an appeal of that decision to the Ohio Supreme Court. Petitioner likewise failed to timely appeal the trial court's denial of his application for post-conviction relief. He may now no longer do so, as Ohio does not permit delayed appeals in post-conviction proceedings. *See Fetherolf v. Warden*, No. 2:19-cv-00168, 2020 WL 605928, at *24 (S.D. Ohio Feb. 7, 2020) (citing *Brown v. Clipper*, No. 5:14-cv-1406, 2016 WL 5173331, at *23 (N.D. Ohio March 8, 2016)); Ohio Appellate Rule 5(A). The state courts were never given the opportunity to enforce this procedural rule due to the nature of Petitioner's procedural default.

> The third *Maupin* factor, whether the state procedural rule is an adequate and independent state ground, is also satisfied. Ohio App. R. 5(A)'s inapplicability to civil cases, and specifically, post-conviction relief proceedings, is firmly established and regularly followed by Ohio courts. *See Carley v. Hudson*, 563 F.Supp.2d 760, 776 (N.D. Ohio 2008) (adopting report and recommendation of Vecchiarelli, M.J.) (citing *State v. Williams*, 2006 WL 2949011, at *1 (Ohio Ct. App. 2006) ("Because post-conviction proceedings are civil in nature, App.R. 5(A) may not be used to seek leave from the denial of a post-conviction action where the time for an appeal as of right as provided in App.R. 4 has passed."); *State v. Johnson*, 2007 WL 2983890, at *1 (Ohio Ct. App. October 15, 2007) ("[T]he Supreme Court of Ohio has specifically held that App.R. 5(A) is not available on appeals regarding a post-conviction relief determination."); *State v. Nichols*, 11 Ohio St.3d 40, 43, 463 N.E.2d 375 (Ohio 1984)).

*Id*. (quoting *Brown*, 2016 WL 5173331, at *23.)

As cause for his procedural default, and in habeas corpus claim three, Petitioner asserts that he was denied his right to appeal because the trial court failed to advise him that he had a

right to appointed counsel on appeal. (*Traverse*, ECF No. 14, PAGEID # 847.)² Petitioner complains that his attorney abandoned him without filing a notice of appeal or advising him that he would not be representing him on appeal. (PAGEID # 848.) However, this claim cannot constitute cause for Petitioner's procedural default, because Petitioner never presented this same issue to the state courts. *See, e.g., Holton v. Ohio*, No. 2:18-cv-01489, 2019 WL 2303723, at *1 (S.D. Ohio May 30, 2019) (the denial of the effective assistance of counsel cannot constitute cause for a procedural defaults where the petitioner likewise has procedurally defaulted that claim) (citing *Johnson v. Turner*, No. 2:14-cv-01908, 2017 WL 2633188, at *2 (S.D. Ohio June 19, 2017) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)); *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005)). As grounds for his motion for a delayed appeal, Petitioner stated that he did not have access to a law library, was unsure of where to raise his claim of a defective indictment, and did "not have fingers" on his left hand. (*Decision*, ECF No. 11, PAGEID # 229-30.) In short, Petitioner has failed to satisfy his burden to establish cause for his procedural defaults. *See Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (burden on petitioner to establish cause).

Finally, the record does not reflect that this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent" so as to excuse Petitioner's otherwise procedurally defaulted claims. *Murray*, 477 U.S. at 496.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new

---

² Petitioner signed an Entry of Guilty Plea indicating "I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction." (ECF No. 11, PAGEID # 199.)

13

>facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, 395 F.3d at 589–90 (footnote omitted).

Because Petitioner does not meet these standards, he has procedurally defaulted all of his claims for review.

## V. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

Petitioner's Motion to Expand the Record (ECF No. 13) and Motion to Compel Respondent to Comply (ECF No. 17) are **DENIED.**

Petitioner's Motion for Leave to Supplement the Traverse (ECF No. 16) and Motion for Leave to Supplement the Traverse and Motion to Expand the Record with the additional portions of the state record attached (ECF No. 19) are **GRANTED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


>*/s/ Chelsey M. Vascura*
>CHELSEY M. VASCURA
>UNITED STATES MAGISTRATE JUDGE