## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ALPHONSO MOBLEY, JR.,**

          **Petitioner,**

        **v.**

**WARDEN, NORTHEAST
OHIO CORRECTIONAL CENTER,**

          **Respondent.**

**CASE NO. 2:20-CV-4510
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On December 3, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 20.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation and a Motion to Stay. (ECF Nos. 21, 22.) The Respondent opposes Petitioner's Objection. (ECF No. 23.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 21) is **OVERRULED**. The Report and Recommendation (ECF No. 20) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's Motion to Stay (ECF No. 22) is **DENIED**.

### I.    BACKGROUND

On May 1, 2017, Petitioner pleaded guilty in the Franklin County Court of Common Pleas to charges of aggravated arson with a firearm specification and criminal use of an explosive device. The trial court imposed a term of fourteen years plus five years of post-release control pursuant to the joint recommendation of the parties. Petitioner did not file a timely appeal. The Ohio Court of Appeals later denied his motion for a delayed appeal. Petitioner

pursued other state collateral relief, without success, as detailed in the Report and Recommendation.  (ECF No. 20, PAGEID # 1020-1022.)  Petitioner now asserts that his guilty plea was not knowing, intelligent or voluntary; that he was denied his right to appeal; and that he was denied fair notice of the charges against him.  The Magistrate Judge recommended dismissal of all of these claims as procedurally defaulted.  Petitioner objects to that recommendation.

As cause for his failure to file a timely appeal, Petitioner again asserts that the trial court did not properly advise him about his right to court-appointed counsel on appeal.  According to Petitioner, he never presented this same claim to the state courts, because the trial court interfered with his ability to file a timely appeal by providing him with inadequate advice about his right to an appeal.  Alternatively, Petitioner contends that he presented this issue, as well as his other procedurally defaulted claims, to the state courts through the filing of a declaratory judgment action, a state habeas corpus petition, or a petition for a writ of mandamus.  Petitioner argues that the doctrine of *res judicata* should not be applied in this case.  He again asserts that he is actually innocent so as to permit a merits review of his otherwise procedurally defaulted claims on the basis that facts indicate he caused no risk of harm to anyone other than himself and state records identify a bank as the victim.  As discussed, Petitioner requests a stay of proceedings pending resolution of an appeal currently pending in the Ohio Court of Appeals involving a motion to withdraw his guilty plea.

## II.     MOTION TO STAY

On December 18, 2019, Petitioner filed a second motion to withdraw his guilty plea.  The trial court denied that motion as untimely and barred under Ohio's doctrine of *res judicata*. (ECF No. 19, PAGEID # 605.)  Petitioner's appeal apparently remains pending.  Nonetheless, Petitioner has waived his claims by failing to raise them in a timely appeal.  None of his claims

remain unexhausted. Thus, the record reflects no basis for a stay. *See Wycuff v. Haviland,* No. 2:19-cv-3549, 2020 WL 529299, at *6 (S.D. Ohio Feb. 3, 2020) (a stay is appropriate only if the petitioner had good cause for failing to exhaust state court remedies, his unexhausted claims are potentially meritorious, and there is no indication that he has engaged in intentionally dilatory litigation tactics) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). Courts within the Sixth Circuit have declined to extend the *Rhines* stay-and-abeyance procedure to petitions that do not include unexhausted claims. *Id*. at *6 (citations omitted); *see also Elmore v. Shoop*, No. 1:07-cv-776, 2020 WL 3410764, at *13 (S.D. Ohio June 22, 2020) ("[T]he stay-and-abeyance remedy set forth in *Rhines* [] applies only to 'mixed' petitions containing both exhausted and unexhausted claims."). Moreover, the state trial court denied Petitioner's second motion for a new trial as procedurally barred. As a result, even assuming Petitioner had raised any unexhausted claims for relief, they would not, in any event, be "potentially meritorious" so as to warrant a stay under *Rhines. See Rodano v. Marquis*, No. 1:18-cv-2770, 2020 WL 994652, at *5 (N.D. Ohio Mar. 2, 2020) (procedurally bared claims are not "potentially meritorious" as defined in *Rhines* and no stay would be warranted for a petitioner to pursue a motion that has little, if any, likelihood of success) (citing *Toledo v. Banks*, No. 2:09-cv-614, 2010 WL 2620593, at *5 (S.D. Ohio June 25, 2010), *report and recommendation adopted by* 2010 WL 3061514 (S.D. Ohio Aug. 2, 2010) (other citations omitted)).

Petitioner's Motion to Stay (ECF No. 22) is therefore **DENIED.**

### III.     OBJECTIONS

The record likewise does not support Petitioner's bare allegation that he was now anything prevented him from presenting his claims on direct appeal or arguing in the Ohio Court of Appeals that he had been unfairly denied his right to appeal. Because he did not do so, this

3

latter claim cannot serve as cause for his procedural defaults.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).  Further, Petitioner did not preserve any of his claims by later attempting to raise them in state collateral proceedings.  To the contrary, the state courts refused to address the merits of those claims as barred under Ohio's doctrine of *res judicata* or improperly addressed in state collateral review.  Again, nothing in the record supports Petitioner's claim that he is actually innocent or victim of a manifest miscarriage of justice.  *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 21) is **OVERRULED.**

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court."  *Jordan v. Fisher*, 576 U.S.1071, ––––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been

denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

Date: January 5, 2021

Gra⸺ham⸺

s/⸺⸺⸺⸺James L. 

**JAMES L. GRAHAM**
**UNITED STATES DISTRICT JUDGE**

5