**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ALPHONSO MOBLEY, JR.,**

     **Petitioner,**

     **v.**

**WARDEN, NORTHEAST
OHIO CORRECTIONAL CENTER,**

     **Respondent.**

              **CASE NO. 2:20-CV-4510
              JUDGE JAMES L. GRAHAM
              Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On January 5, 2021, final judgment was entered dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 25.) Petitioner has filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and motion for judicial notice. (ECF Nos. 28, 29.) For the reasons that follow, Petitioner's motion for reconsideration and judicial notice (ECF Nos. 28, 29) are **DENIED.**

Petitioner pleaded guilty in the Franklin County Court of Common Pleas to charges of aggravated arson with a firearm specification and criminal use of an explosive device. The trial court imposed a term of fourteen years' incarceration to be followed by five years of supervised release pursuant to the joint recommendation of the parties. Petitioner did not file a timely appeal. The state appellate court denied Petitioner's motion for a delayed appeal and affirmed the trial court's denial of Petitioner's motion to withdraw his guilty plea. Petitioner did not pursue an appeal to the Ohio Supreme Court. He unsuccessfully pursued other state collateral relief. (*See Report and Recommendation*, ECF No. 20, PAGEID # 1020-21.) In this habeas corpus petition, Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary,

that he was denied his right to appeal, and denied fair notice of the charges.  The Court dismissed Petitioner's claims as barred by procedural default.

Petitioner argues that the Court improperly dismissed his off-the-record claims which could be raised in a motion to withdraw his guilty plea as procedurally defaulted.  He maintains that the trial court lacked jurisdiction over his property, the judgment against him is void, and that the doctrine of *res judicata* does not bar review of his claims.  Petitioner requests the Court to amend its Judgment to dismiss the case without prejudice so that he may re-file this habeas corpus petition after pursuing additional state-court relief.  He also seeks reconsideration of the denial of his request for a certificate of appealability.  Petitioner has filed a request for the Court to take judicial notice of documents attached in support of his motion to withdraw his guilty plea as well as several decisions of the state appellate court.  (ECF No. 29, PAGEID # 1089-90.)

Rule 59(e) provides that a motion to alter or amend judgment may be filed within 28 days of the entry of judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *CitiMortgage, Inc.,* No. 2:13-cv-00680, 2015 WL 1000444, at *2 (S.D. Ohio Mar. 5, 2015 ) (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir 2005)).  "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision."  *Banister v. Davis*, -- U.S. --, --, 140 S. Ct. 1698, 1703 (2020) (citing *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)).  It allows a district court to correct its own errors, thereby sparing the parties and appellate courts the burden of unnecessary appellate proceedings. *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).  However, "motions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate

2

issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475.  "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister,* 140 S.Ct. at 1702.  Moreover, in view of the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim.  *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016).  It is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected.  *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)).  "When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'"  *Id.* (*quoting Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

This Court has already considered, and rejected, the arguments Petitioner now raises.  As previously discussed, Petitioner waived any off-the-record claims for federal habeas corpus review by failing to file an appeal of the trial court's denial of his motion to withdraw his guilty plea as barred under Ohio's doctrine of *res judicata* to the Ohio Supreme Court, and failing to timely appeal of the trial court's denial of his application for post-conviction relief.  (*Report and Recommendation*, ECF No. 20, PAGEID # 1030.)  The Court also previously determined that the record reflects no basis for a stay or a dismissal of this action without prejudice as unexhausted.  Petitioner has provided no reason to alter that decision.

3

Petitioner's motion for reconsideration and judicial notice (ECF Nos. 28, 29) therefore are **DENIED.**

**IT IS SO ORDERED.**

Date: February 19, 2021 _____s/James L. Graham _____
JAMES L. GRAHAM
UNITED STATES DISTRICT JUDGE