## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ALPHONSO MOBLEY, JR.,**

       **Petitioner,**

        **v.**

**WARDEN, NORTHEAS**
**OHIO CORRECTIONAL CENTER,**

       **Respondent.**

                **CASE NO. 2:20-CV-4510**
                **JUDGE JAMES L. GRAHAM**
                **Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On January 5, 2021, final judgment was entered dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 25.) On February 19, the Court denied Petitioner's motion for reconsideration and for judicial notice. (ECF No. 33.) Petitioner now has filed a Motion to Correct the Record and Motion for Relief from Judgment pursuant to Rule 60(A), (B) of the Federal Rules of Civil Procedure, and a Motion for Judicial Notice of Adjudicative Facts. (ECF Nos. 32, 35, 37.) For the reasons that follow, Petitioner's motions (ECF Nos. 32, 35, 37) are **DENIED**.

Petitioner seeks reconsideration of the final Judgment of dismissal based on the alleged bias of the District Court and "willful blindness and reckless disregard for the truth." (ECF No. 35, PAGEID # 1137.) Petitioner complains that the Court improperly denied his motion to expand the record and motion for reconsideration and wrongly dismissed off-the-record claims as procedurally defaulted. Petitioner refers to document(s) indicating that arson investigators identified the New York Community Bank as the victim of the house fire. (ECF No. 35, PAGEID # 1140.) Petitioner has filed a Motion to Correct the Record to include a copy of the Ohio State Fire Marshall's Fire and Explosion Investigation Report. (ECF No. 32, PAGEID #

1126-27.)  He requests the Court to take judicial notice of certain other documents, including the trial court's Entry denying his motion to withdraw guilty plea and application for post-conviction relief, already a part of the record before this Court, to show that he did not raise any off-the-record claims in those proceedings.  (ECF No. 37, PAGEID # 1149-90.)

Rule 60(b)(6) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

***

(6) any other reason that justifies relief.

However, "relief under Rule 60(b) is . . . extraordinary."  *Moore v. United States*, No. 14-114-DLB-HAI, 2018 WL 5046065, at *1 (E.D. Ky. Oct. 17, 2018) (citing *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016).  Further, a Rule 60(b) motion should not serve as a substitute for, or supplement to an appeal. *Johnson v. Collins*, No. 19-3616, 2019 WL 7187355, at *2 (6th Cir. 2019) (quoting *GenCorp, Inc. v. Olin Corp*., 477 F.3d 368, 373 (6th Cir. 2007)).  Thus, arguments that have, or should have been presented on appeal generally are not reviewable under Rule 60(b).  *Id*.  "Relief under Rule 60(b) is not appropriate where . . . a party unhappy with the Court's ruling simply reargues her case." *Bonds v. Barker*, No. 1:18-cv-1149, 2019 WL 168326, at * (N.D. Ohio Jan. 11, 2019) (citing *GenCorp, Inc*., 477 F.3d at 368). Rule 60(b)(6) applies where "exceptional or extraordinary circumstances where principles of equity mandate relief."  *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir.  2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst*., 738 F.3d 741, 750 (6th Cir. 2013)).   It should rarely be used —especially in habeas corpus.  *Hand v. Houk*, No. 2:07-cv-846, 2020 WL 1149849, at *3 (S.D. Ohio Mar. 10, 2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).  Again, Rule

60(b)(6) "does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'" *Johnson v. Merlak*, No. 4:18cv1062, 2019 WL 1300215, at *2 (N.D. Ohio March 21, 2019) (quoting *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001)). A claim of legal error, unaccompanied by facts establishing extraordinary and exceptional circumstances, will not provide a basis for relief under Rule 60(b)(6). *West v. Bell*, No. 3:01-cv-91, 2010 WL 4363402, at *4 (citing *Gonzalez*, 545 U.S. at 535). Public policy favoring finality of judgments likewise limits application of the rule. *Blue Diamond Coal Co. v. Trustees of UMWA Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). "[A] party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Moore,* 2018 WL 5046065, at *1 (quoting *Info-Hold, Inc. v. Sound Merch., Inc*., 538 F.3d 448, 454 (6th Cir. 2008)). Further, a Rule 60(b) motion that attempts to add a new ground for relief or attacks the resolution of a former claim on the merits will be construed as a successive § 2255 motion subject to authorization for filing from the United States Court of Appeals for the Sixth Circuit. *See Schultz v. United States*, 2019 WL 4962588, at *1-2 (S.D. Ohio Oct. 8, 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532, (2005)); 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). "Unless the court of appeals has authorized a second or successive motion, a district court sitting in the Sixth Circuit must transfer the motion to the Sixth Circuit Court of Appeals." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). A petitioner's challenge to the district court's application of procedural default may properly be addressed under Rule 60(b). *Gonzalez v. Crosby*, 545 U.S. at 532 n.4.

Here, the record reflects no basis for relief. Adverse rulings against Petitioner do not establish bias or prejudice of the District Court. *See Nelson v. Jackson*, No. 2:16-CV-12260,

2020 WL 755890, at *1 (E.D. Mich. Feb. 14, 2020) (citing *Mason v. Burton*, 720 F. App'x 241,

242–43 (6th Cir. 2017); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)).

> We "will not ascribe bias to a district judge in the absence of evidence that he has abandoned his role as an impartial arbiter." *Lilley v. BTM Corp.*, 958 F.2d 746, 753 (6th Cir. 1992). To warrant recusal of a district judge, a party must allege "facts which a reasonable person would believe would indicate a judge has a personal bias" against the party. *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001). Judicial bias must be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.; see also United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).
>
> . . . . A party cannot establish bias simply because it is unhappy with a district judge's rulings. *Ullmo*, 273 F.3d at 681.

*Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009).  Further, this

Court has already considered, and rejected, the arguments Petitioner now again makes here.  Thus,

the record fails to reflect a basis for reconsideration of the final Judgment of dismissal.

   Petitioner's Motion to Correct the Record, Motion for Relief from Judgment, and Motion

for Judicial Notice of Adjudicative Facts (ECF Nos. 32, 35, 37) are **DENIED.**

   **IT IS SO ORDERED**.

   Date: March 9, 2021

          s/James L. Graham
          JAMES L. GRAHAM
          UNITED STATES DISTRICT JUDGE
