IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALPHONSO MOBLEY, JR.,

      Petitioner,

   v.

WARDEN, NORTHEAS
OHIO CORRECTIONAL CENTER,

      Respondent.

CASE NO. 2:20-CV-4510
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On January 5, 2021, final judgment was entered dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 25.)  On March 15, 2021, Petitioner filed this second Motion for Relief from Judgment.  (ECF No. 41.)  For the reasons that follow, the Motion for Relief from Judgment (ECF No. 41) is **DENIED**.

Petitioner seeks relief from the final Judgment of dismissal and denying his motion for a stay under the provision of Rule 60(b)(5) of the Federal Rules of Civil Procedure.  It provides:

> Rule 60(b)(5) provides:
>
> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> \*\*\*
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]

Fed. R. Civ. P. 60(b)(5).  Petitioner now argues that relief from final judgment is warranted based on the appellate court's most recent denial of his second motion for a delayed appeal, addressing Petitioner's grounds for the filing of a delayed appeal, rather than denying the second

motion for a delayed appeal as barred under Ohio's doctrine of *res judicata*. Petitioner argues, therefore, that this Court improperly denied his request for a stay on the basis that none of his claims remained unexhausted and any potentially unexhausted claims were not "potentially meritorious" as that term is defined in *Rhines v. Weber*, 544 U.S. 269, 277 (2005). (*See Opinion and Order*, ECF No. 24, PAGEID # 1075.)  Petitioner has attached a copy of the state appellate court's March 2, 2021 decision denying his second motion for a delayed appeal, finding that the record indicated that Petitioner knew about his right to appeal and the time limit for filing an appeal. (*Memorandum Decision*, ECF No. 41, PAGEID # 1211-15.)[1]

The record does not indicate, however, and Petitioner does not argue, that relief is warranted under Rule 60(b)(5) because "the judgment has been satisfied, released, or discharged" or "is based on an earlier judgment that has been reversed or vacated[.]" Fed. R. Civ. P. 60(b)(5).  The only remaining argument under Rule 60(b)(5) would be that "applying [the judgment] prospectively is no longer equitable."  That argument fails.  *See Coddington v. Makel*, No. 1:95-CV-21, 2018 WL 11241291, at *2 (W.D. Mich. May 16, 2018) (Rule 60(b)(5) provides no relief in habeas) (citing *Kalamazoo River Study Group v. Rockwell International Corp.*, 355 F.3d 574 (6th Cir. 2004) (other citations omitted).  "A court can modify a judgment if its prospective application is no longer equitable. The judgment at issue, however, is the denial of habeas relief, and that judgment is not prospective within the meaning of Rule 60(b)(5)." *Graves v. Beard*, No. 2: 10-CV-00894, 2014 WL 7183404, at *2 (W.D. Pa. Dec. 16, 2014) (citations omitted).  Moreover, nothing in the appellate court's March 2, 2021 decision denying

---

[1] On February 23, 2021, the appellate court affirmed the trial court's denial of Petitioner's second and successive motion to withdraw his guilty plea as barred under Ohio's doctrine of *res judicata*. *State v Mobley*, 10th Dist. No. AP-350, 2021 WL 689360 (Ohio Ct. App. Feb. 21, 2021).

Petitioner's second motion for a delayed appeal provides any basis to alter the final Judgment of dismissal of this action or denial of Petitioner's motion for a stay.

Petitioner's Motion for Relief from Judgment (ECF No. 41) is **DENIED.**

**IT IS SO ORDERED**.

Date: March 17, 2021

                                                s/James L. Graham
                                                JAMES L. GRAHAM
                                                UNITED STATES DISTRICT JUDGE